IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NINE ENERGY SERVICE, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:21-cv-00209 |
| vs. | § § § | |
| NCS MULTISTAGE INC. and NCS MULTISTAGE, LLC, | § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nine Energy Service, Inc. ("Nine" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendants NCS Multistage Inc. ("NCS Canada") and NCS Multistage, LLC ("NCS US") (collectively, "NCS") in this action.

**NATURE OF THE ACTION**

1. This is an action for patent infringement. NCS Canada and NCS US, individually and collectively, have infringed and are continuing to infringe U.S. Patent No. 10,871,053 (the "'053 Patent"), which is attached hereto as Exhibit A.

2. NCS Canada and NCS US, individually and collectively, have infringed and are continuing to infringe the '053 Patent by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States the AirLock® Casing Buoyancy System, a system used in casing flotation. Nine seeks damages, injunctive, and other relief for NCS's infringement of the '053 Patent.

US 7778069

- 2 -

**PARTIES**

3. Nine is a corporation organized under the laws of Delaware and has a principal place of business at 2001 Kirby Drive, Suite 200, Houston, Texas 77019.

4. Defendant NCS Canada is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1.  On information and belief, NCS Canada's headquarters is located at 19350 State Highway 249, Suite 600, Houston, TX 77070.

5. Defendant NCS US is a Texas limited liability company with a principal place of business at 19350 State Highway 249, Suite 600, Houston, TX 77070.

6. On information and belief, NCS US and NCS Canada share corporate headquarters and officers, and are commonly held by NCS Multistage Holdings, Inc., a Delaware corporation with a principal place of business also at 19350 State Highway 249, Suite 600, Houston, TX 77070.

**JURISDICTION AND VENUE**

7. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over NCS Canada and NCS US.  NCS Canada and NCS US have submitted themselves to the jurisdiction of this Court in multiple actions, including related case *NCS Multistage Inc. v. Nine Energy Service, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex.).  Furthermore, on information and belief, NCS Canada's headquarters is located in Houston, Texas.  NCS US is a resident of Texas, with a principal place of business in Houston, Texas; additional offices in Houston, Texas; and a regional office in Odessa, Texas.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).  NCS US has a regular and established place of business in Odessa, Texas, which is within the Western

District of Texas, and upon information and belief, both NCS Canada and NCS US have committed acts of patent infringement in this district.

## FACTUAL BACKGROUND

**Magnum Oil Tools International, Ltd.**

10. Magnum Oil Tools International, Ltd. ("Magnum") is an innovative company that has been making plugging devices and other tools for the oil and gas industry since 2002. Magnum was founded by Lynn Frazier, and made a wide variety of tools, including rupture discs. Magnum holds numerous U.S. and foreign patents on its novel tool designs. One of those tools is the MagnumDisk™, a domed rupture disc for use in oil and gas applications.

11. In 2018, Nine purchased all equity interests in Magnum, which thereby became a wholly owned subsidiary of Nine. Nine is the owner by assignment of the '053 Patent. By and through Magnum, Nine continues to manufacture and sell the MagnumDisk™ products. *See* Completion Barrier Plugs, Nine Energy Service, Inc., *available at* https://nineenergyservice.com/completions-technologies/completion-barrier-plugs.

12. The MagnumDisk™ product line is covered by many patents owned by Nine. Nine continues to pursue patent protection for new applications and improvements to the MagnumDisk™ product line, including the '053 Patent.

13. On December 22, 2020, the United States Patent & Trademark Office issued the '053 Patent, entitled "Downhole assembly for selectively sealing off a wellbore." The '053 Patent claims priority to December 3, 2007. The '053 patent is directed to a downhole tool that includes "a first subassembly and a second subassembly engaged with each other, the first subassembly and second subassembly having inner walls that define a flowpath through the tool" and a "sealing member

located inside the second subassembly and sized to obstruct fluid communication through the flowpath."

**The NCS AirLock® Casing Buoyancy System**

14. On April 8, 2020, NCS Canada filed an original complaint for patent infringement asserting U.S. Patent No. 10,465,445 (the "'445 Patent") against Nine in *NCS Multistage Inc. v. Nine Energy Service, Inc.*, No. 6:20-cv-00277-ADA (W.D. Tex.). On February 8, 2021, NCS Canada and NCS US filed a first amended complaint for patent infringement in that action. In those complaints, NCS stated that it manufactures and sells the AirLock® buoyancy system. NCS referred to the AirLock® buoyancy system as a "'casing float tool' covered by the '445 Patent."

15. On information and belief, the AirLock® system is substantially similar to the tool illustrated in Figure 2 of the '445 Patent, as shown below:



**NCS AirLock® Casing Buoyancy System,**
**excerpt of image at paragraph 10 of NCS's First Amended Complaint**



**NCS AirLock® Casing Buoyancy System,**
**https://www.youtube.com/watch?v=xthc-KqagAA**

US 7778069



**'445 Patent, Fig. 2**

16. NCS Canada has been aware, since at least the filing of the '445 Patent, that the Nine MagnumDisk™ products are covered by one or more U.S. patents, and specifically instructs the reader to consider using the MagnumDisk™ with embodiments:

> Rupture disc **30** may be calibrated to rupture at a predetermined pressure in response to a pressure differential when high pressure is applied to the convex surface **36** of disc **30**. The disc **30** should have a threshold rupture pressure that is greater than the hydraulic pressure required to bend or shear tabs **46** (or other projections) on shear ring **44**. This feature helps to ensure that the rupture disc **30** does not rupture as a result of hydraulic pressure alone (because the threshold rupture burst pressure of the disc **30** may exceed a pressure that is suitable for maintaining casing integrity), but rather may be ruptured by being forced against surface **58** of the lower tubular member **18**. One example of a suitable rupture disc **30** is the burst disc offered by Magnum Oil Tools International, LLC (Corpus Christi, Tex. 78405) [www.magnumoiltools.com/assets/files/-Magnum_Single%20MagnumDisk_04-30-2012Back.pdf]. See also U.S. Pat. No. 5,924,696 to Frazier. Alternatively, appropriate discs may be manufactured to suit particular needs.

'445 Patent, at 11:8–23.

## COUNT 1:
## INFRINGEMENT OF THE '053 PATENT

17. Nine alleges and incorporates by reference the allegations of paragraphs 1–16 of this Original Complaint.

18. Nine owns by assignment the entire right, title, and interest in the '053 Patent.

US 7778069

19. The '053 Patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 2020.

20. The '053 Patent is valid and enforceable under the laws of the United States.

21. NCS Canada and NCS US, individually and collectively, have directly infringed and are directly infringing claims 1–30 of the '053 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, and selling in the United States, and importing into the United States, without authority, the accused AirLock® Casing Buoyancy System.  For example, as shown in the claim chart attached hereto as Exhibit B, the AirLock® Casing Buoyancy System meets every element of Claim 1 of the '053 Patent, either literally or under the doctrine of equivalents.

22. NCS Canada and NCS US, individually and collectively, have indirectly infringed and are indirectly infringing claims 1–30 of the '053 Patent in violation of 35 U.S.C. § 271 *et seq*. With knowledge of the '053 Patent, NCS Canada and NCS US have induced and are inducing its resellers and customers to use, sell, offer to sell, or import into the United States, without authority, the accused AirLock® Casing Buoyancy System. For example, as shown in the claim chart attached hereto as Exhibit B, the AirLock® Casing Buoyancy System meets every element of Claim 1 of the '053 Patent, either literally or under the doctrine of equivalents.

23. NCS Canada's and NCS US's infringement of the '053 Patent has been and continues to be willful and deliberate. Upon information and belief, NCS Canada and NCS US have been on notice of their infringement of the '053 Patent since at least January 4, 2021 when Nine identified the '053 Patent as infringed by the AirLock® system in a letter addressed to NCS Canada.  On information and belief, the officer of NCS Canada who received Nine's letter is also an officer of NCS US. Accordingly, knowledge by that officer may be attributed to NCS US.

24. As a result of NCS Canada's and NCS US's acts of infringement, Nine has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Nine requests the Court grant the following relief:

A. Judgment that NCS has infringed and are infringing the '053 Patent;

B. An order enjoining NCS, their officers, agents, employees, and those persons in active concert or participation with any of them, and NCS's successors and assigns, from continuing to infringe the '053 Patent;

C. An order awarding Nine its damages pursuant to 35 U.S.C. § 284;

D. An order finding that NCS's infringement has been willful and increasing the damages awarded to Nine to three times the amount assessed under 35 U.S.C. § 284;

E. An order awarding Nine prejudgment and post-judgment interest on damages;

F. A declaration that this case is exceptional and an award to Nine of its reasonable costs and expenses of litigation, including attorney's fees and expert witness fees; and

G. Other relief that the Court may determine to be just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Nine respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: March 4, 2021

Respectfully submitted,

*/s/ Hilary L. Preston*
Hilary L. Preston
Texas Bar No. 24062946
hpreston@velaw.com
Jeffrey T. Han
Texas Bar No. 24069870
jhan@velaw.com
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: +1.512.542.8400
Fax: +1.512.542.8612

Parker D. Hancock
phancock@velaw.com
Texas Bar No. 24108256
Sean P. Belding
Texas Bar No. 24109634
sbelding@velaw.com
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: +1.713.758.2002
Facsimile: +1.713.615.5758

**ATTORNEYS FOR PLAINTIFF
NINE ENERGY SERVICE, INC.**